**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD WILLIAMS, | No. 17-35895 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01034-RAJ |
| v. | |
| CITY OF BELLEVUE, a municipal corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted October 12, 2018**
Seattle, Washington

Before: BLACK,*** TALLMAN, and BEA, Circuit Judges.

Edward Williams sued the City of Bellevue ("City") under 42 U.S.C. § 1981

for his termination from the Bellevue Police Department ("BPD"). He alleges that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Susan H. Black, United States Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

he was fired in retaliation for his opposition to a racist text message that one of his field training officers, Officer Kevin Quayle, sent to Quayle's girlfriend. Williams appeals from the district court's order granting summary judgment in favor of the City.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo and may affirm on any basis in the record. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008); *Campbell v. Wash. Dep't of Soc. & Health Servs.*, 671 F.3d 837, 842 n.4 (9th Cir. 2011).

The district court did not err in granting summary judgment. Williams has not shown sufficient facts to establish a prima facie case of retaliation under section 1981. *See Mannatt v. Bank of Am., N.A.*, 339 F.3d 792, 800 (9th Cir. 2003) (providing the elements of a section 1981 retaliation claim); *Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1412 (9th Cir. 1987) ("[C]laims under section 1981 require proof of intentional discrimination."). The undisputed evidence shows that he affirmatively denied having ever experienced any discrimination, harassment, or mistreatment at the hands of Officer Quayle, and his conversation with Chief Mylett does not rise to the level of protected activity. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003), *amended by* No. 00-35999, 2003 WL 21027351 (May 8, 2003) (describing typical forms of protected activity); *see also Crawford v. Metro. Gov't of Nashville & Davidson Cty.*, 555

---

[1] Williams appeals only the dismissal of his section 1981 retaliation claim.

2

U.S. 271, 274–80 (2009) (concluding that a woman opposed an unlawful employment practice when she reported and disapproved of workplace sexual harassment in response to her employer's questions); *Jurado*, 813 F.2d at 1411 (noting that to constitute opposition an employee must reasonably believe the employer has engaged in an unlawful employment practice).

Williams has also not proffered sufficient evidence of causation. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) ("[R]etaliation claims must be proved according to traditional principles of but-for causation.").[2] Although Williams was terminated soon after his alleged protected activity, it is undisputed that as a probationary police officer Williams performed far below minimum acceptable standards throughout his time with the BPD. Additionally, the BPD found that Officer Quayle's conduct was unacceptable, and Officer Quayle was fired in part because of the text message he sent. Williams therefore has not shown that his alleged protected activity was the but-for cause of his termination.

Moreover, even if Williams had shown a prima facie case of retaliation, the City articulated a legitimate, nondiscriminatory reason for its employment

---

[2] We assume without deciding that but-for causation principles apply given that the parties have argued they do.

decision: Williams' substandard performance.[3] *See Manatt*, 339 F.3d at 800. The burden thus shifted to Williams to show pretext, and the circumstantial evidence he offered was not specific and significantly probative to make such a showing. *Id.*; *see also Coghlan v. Am. Seafoods Co. LLC.*, 413 F.3d 1090, 1095–96 (9th Cir. 2005) ("[Circumstantial evidence] must be specific and substantial to defeat the employer's motion for summary judgment." (internal quotations omitted)).

**AFFIRMED.**

---

[3] Although the district court did not reach pretext in its order, the record is sufficiently developed to decide on this issue as well.